

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

July 11, 1974

The Honorable Ned Granger
County Attorney, Travis County
County Courthouse
Austin, Texas

Opinion No. H- 345

Re: Whether a county may
maintain streets within an
incorporated city which are an
integral part of the county or
state road system and receive
payment from the city for such
services pursuant to contract.

Dear Mr. Granger:

You have requested our opinion as to whether a county and an
incorporated city within that county may enter into an agreement under
the terms of which the county agrees to assume the responsibility of
repairing and maintaining city streets which are an integral part of the
county or state road system and in return the city agrees to reimburse
the county for a portion of the costs incurred.

You advise that several small incorporated cities in Travis County
have asked the County to assume the responsibility of maintaining those
streets within their city limits which are an integral part of the county
or state road system. Travis County is willing to assume such a respon-
sibility but feels that each city should to some degree share in the costs
that will be incurred.

In the leading case of City of Breckenridge v. Stephens County,
40 S.W. 2d 42 (Tex. 1931), a question very similar to the one you ask
was before the Texas Supreme Court. The Court recognized and affirmed
the general proposition that a municipality has exclusive control and
jurisdiction over the streets within its borders. However, relying upon

Article 3, § 52 of the Texas Constitution, the Court held that a county had the right to expend funds for the improvement or maintenance of city streets which form an integral part of the county or state road system so long as the county acts with the consent or approval of the city in question. In its opinion the Court expressly approved a contract between a city and county for the improvement of a city street which formed an integral part of the county road system in which both parties had agreed to pay a portion of the costs incurred. City of Brackenridge, 40 S. W. 2d at 45.

Thus City of Breckenridge establishes the principle that a county may agree to assume the responsibility of maintaining city streets which form an integral part of the county or state road system and that both the county and city may agree to pay a representative share of the costs that will be incurred. This principle has been followed by the courts and by this office on numerous occasions. City of Piney Point Village v. Harris County, 479 S. W. 2d 358, 367 [Tex. Civ. App., Houston (1st Dist.), 1972, writ ref. n. r. e. ]; Hughes v. County Commissioners' Court of Harris County, 35 S. W. 2d 818 (Tex. Civ. App., Galveston, 1931, no writ); and Attorney General Opinions M-561 (1970), WW-1401 (1962), V-971 (1949), V-484 (1948) and V-261 (1947).

In Attorney General Opinion No. WW-1401 (1962) this Office stated: "We know of no reason why the municipality cannot contract to pay the county, just as may the county contract to pay the municipality, for all· or part of the cost of paving or maintaining a street within the class of streets that a county is authorized to maintain." In our opinion the Inter-local Cooperation Act, Art. 4413 (32c), V. T. C. S., which in pertinent part authorizes local governments to contract among themselves for the per- formance of services in the general area of streets, roads, and drainage, does nothing more than codify the principles that we have discussed. Therefore our answer to you question is in the affirmative.

## SUMMARY

A county may agree to assume the responsibility

of maintaining city streets which form an integral
part of the county or state road system and in return
a city may agree to pay a representative portion of
the costs incurred.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee